

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/13/2016

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RICARDO FORNESA, JR. AND | ) | CASE NO. 12-37238-H3-13 |
| CYNTHIA FORNESA, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| RICARDO FORNESA, JR., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | ADV. NO. 16-3029 |
| | ) | |
| HSBC BANK USA, N.A., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The court has considered "Defendants HSBC Bank USA, N.A. and Beneficial Texas Inc.'s Motion to Dismiss Plaintiffs Ricardo Fornesa Jr. and Cynthia Fornesa's Adversary Complaint" (Docket No. 5) and "Defendant Caliber Home Loans, Inc.'s Motion to Dismiss and Joinder in Motion to Dismiss Filed by HSBC Bank, N.A. and Beneficial Texas Inc. (Docket No. 6). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the two motions to dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Ricardo Fornesa, Jr. and Cynthia Fornesa ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in Case No. 12-37238-H3-13, on September 30, 2012. Debtors' Chapter 13 plan was confirmed by order entered on April 25, 2013. Debtors' Chapter 13 plan, as modified, calls for Debtors to make plan payments through September, 2017. (Docket No. 89, Case No. 12-37238-H3-13).

Prior to the instant Chapter 13 case, Debtors were the debtors in Case No. 07-33100-H3-7. Debtors commenced the previous case by filing a Chapter 11 petition on May 3, 2007. Debtors' Chapter 11 plan in the previous case was confirmed by order entered on May 22, 2008. The previous case was converted to Chapter 7 by order entered on February 2, 2009. A discharge was entered in the previous case on June 17, 2009.

In the complaint in the instant adversary proceeding, Ricardo Fornesa, Jr.[1] pro se, ("Fornesa") seeks a money judgment against Defendants, jointly and severally, for compensatory and punitive damages, based on alleged predatory lending practices. Fornesa asserts that Defendants HSBC Bank USA, N.A. and Beneficial Texas Inc. (collectively, "HSBC") "committed

---

[1]Although the style of the adversary proceeding identifies both Ricardo Fornesa, Jr. and Cynthia Fornesa as Plaintiffs, only Ricardo Fornesa, Jr. signed the complaint. Ricardo Fornesa and Cynthia Fornesa collectively are identified herein as "Debtors."

predatory lending practices, breach of fiduciary duty, gross negligence, fraudulent conveyance, and violated Section 103 of the Truth In Lending Act (TILA) 15 U.S.C. § 1602 (Dodd-Frank Act § 1431)," in refinancing one or more notes executed by Debtors. Fornesa asserts that HSBC filled in fictitious figures on Debtors' loan application, and refinanced Debtors' note twice within one year, in order to charge unreasonable interest rates and fees. Fornesa asserts that his actual damages include the loss of equity in the two pieces of real property.[2] Fornesa seeks an award of punitive damages. Fornesa asserts that he should be permitted to conduct discovery in order to prove predatory lending practices committed by Defendants.

In the instant motions, HSBC and Caliber[3] seek dismissal, for failure of Debtors to state a claim upon which relief can be granted.

HSBC argues that Debtors have failed to plead fraud with particularity, that the provisions of TILA and Dodd-Frank on which Debtors rely were enacted after the refinancing of Debtors'

---

[2] Implied but not stated in the complaint is that Debtors' interests in the two properties have been or will be foreclosed. The court entered a judgment lifting the stay as to Caliber with respect to the property located at 2123 Squire Dobbins, Sugarland, Texas 77478 on February 22, 2016. (Docket No. 112, Case No. 12-37238-H3-13).

[3] "Caliber" refers collectively to Defendants U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, and Caliber Home Loans, Inc.

3

...

loan, that any cause of action under TILA is barred by limitations, and that there is no cause of action under Texas law for "predatory lending." HSBC asserts that there is no claim for breach of fiduciary duty because Texas law does not recognize a fiduciary duty between a mortgagor and mortgagee. HSBC asserts that any claim for negligence is barred by limitations. (Docket No. 5).

Caliber joins in HSBC's motion, and additionally asserts that Debtors should be judicially estopped from bringing the claims in the complaint, because they failed to disclose those claims in Case No. 07-33100-H3-7.

Conclusions of Law

In considering motions to dismiss for failure to state a claim, under Rule 12(b)(6), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7012, the court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. Stokes v. Gann, 498 F.3d 483 (5th Cir. 2007). However, the court need not strain to find inferences favorable to the plaintiff. Southland Sec. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353 (5th Cir. 2004).

In considering a Rule 12(b)(6) motion to dismiss, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine, including, inter alia, matters of which a court may take judicial notice. Funk v.

Stryker Corp., 631 F.3d 777 (5th Cir. 2011).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as made applicable by BR 7008, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The complaint need not contain detailed factual allegations, but must set forth the plaintiff's grounds for entitlement to relief, including factual allegations that, when assumed to be true, raise a right to relief above the speculative level.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228 (5th Cir. 2009).

The complaint in the instant adversary proceeding includes many assertions of fact that are extraneous to the relief sought.  The court addresses each of the causes of action pled, or citations to statute, in turn.

First, the complaint alleges predatory lending

practices. There is no cause of action under Texas law for "predatory lending practices." Belanger v. BAC Home Loans Servicing, L.P., 839 F. Supp. 873 (W.D. Tex. 2011). See also Tyler v. Ocwen Loan Servicing, 2015 WL 5326195 (N.D. Tex. 2015). The court concludes that the complaint fails to state a claim upon which relief can be granted as to "predatory lending practices."

Second, the complaint alleges breach of fiduciary duty. In order to prevail on a cause of action for breach of fiduciary duty under Texas law, a plaintiff must plead and prove that a fiduciary relationship exists, that the defendant breached the duty, and that the breach caused damages to the plaintiff. Beck v. Law Offices of Edwin J. Terry, Jr., P.C., 284 S.W.3d. 416 (Tex. App.--Austin 2009, no pet.). Texas law does not recognize a fiduciary duty between a mortgagor and mortgagee. Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667 (5th Cir. 2013) cert. den., 134 S.Ct. 196 (2013), citing FDIC v. Coleman, 795 S.W.2d 706 (Tex. 1990). The court concludes that the complaint fails to state a claim upon which relief can be granted as to breach of fiduciary duty.

Third, the complaint alleges gross negligence. None of the factual allegations in the complaint support a plausible claim for liability for negligence. The court concludes that the complaint fails to state a claim upon which relief can be granted

as to gross negligence.

Fourth, the complaint alleges fraudulent conveyance. The factual allegations in the complaint do not identify a conveyance. Moreover, Rule 9(b), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7009, requires that fraud be pled with particularity. The particularity requirement requires that the pleading identify who, what, when, where, and how the alleged fraud was committed. Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719 (5th Cir.2003). The court concludes that the complaint fails to state a claim upon which relief can be granted as to fraudulent conveyance.

Fifth, the complaint alleges violations of "Section 103 of the Truth In Lending Act (TILA) 15 U.S.C. § 1602 (Dodd-Frank Act § 1431)." Under 15 U.S.C. § 1639(s), no creditor or servicer may charge a fee to modify, renew, extend, or amend a high-cost mortgage. Fornesa appears to allege that the mortgages with respect to the two properties were high-cost mortgages, as defined in 15 U.S.C. § 1602(bb). These provisions were added in 2010, as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub.L. No. 111-203, 124 Stat. 1376 (2010). Courts addressing the issue have concluded that Dodd-Frank does not apply retroactively. See Molosky v. Washington Mut., Inc., 664 F.3d 109 (6th Cir. 2011); McCauley v. Home Loan Inv. Bank, F.S.B.. 710 F.3d 551 (4th Cir. 2013); Koch v. SEC, 793 F.3d 147

(D.C. Cir. 2015). A cause of action for damages, which appears to apply to violations of 15 U.S.C. § 1639, is created under 15 U.S.C. § 1640(a). To the extent the complaint states a claim for damages under 15 U.S.C. § 1640, based on Defendants' alleged violation of 15 U.S.C. § 1639(s), that statute does not apply retroactively to create a cause of action with respect to the facts alleged in the complaint. The court concludes that the complaint fails to state a claim upon which relief can be granted as to violation of TILA and/or Dodd-Frank.

Based on the foregoing, a separate Judgment will be entered granting the "Defendants HSBC Bank USA, N.A. and Beneficial Texas Inc.'s Motion to Dismiss Plaintiffs Ricardo Fornesa Jr. and Cynthia Fornesa's Adversary Complaint" (Docket No. 5) and "Defendant Caliber Home Loans, Inc.'s Motion to Dismiss and Joinder in Motion to Dismiss Filed by HSBC Bank, N.A. and Beneficial Texas Inc. (Docket No. 6).

Signed at Houston, Texas on this __13__ day of __May__, 2016.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE